UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Chapter 7

Vilisa Carson-Johnson,                                          Case No. 15-45159

    Debtor.                                          Hon. Phillip J. Shefferly
_____/

**ORDER OVERRULING OBJECTION TO TRUSTEE'S
FINAL REPORT AND APPLICATION FOR COMPENSATION**

On April 1, 2015, the Debtor filed this bankruptcy case under Chapter 13 of the Bankruptcy Code. On December 23, 2015, it was converted to Chapter 7. The Debtor received her discharge on April 22, 2016. On October 23, 2017, the Chapter 7 Trustee filed a final application for compensation (ECF No. 109). On October 26, 2017, the Chapter 7 Trustee filed a Final Report (ECF No. 110).

On November 27, 2017, an "Objection to Trustee's Final Report and Applications for Compensations" (ECF No. 114) was filed, apparently by the Debtor, but it was not signed. As a result, on the same day, the Court issued a notice of deficient pleading alerting the Debtor that the objection was not signed and that a corrected objection with an original signature must be filed within 7 days or else the objection would be stricken. The Debtor did not file a corrected objection with an

original signature within the 7 days provided by the notice. Therefore, the Court entered an order on December 6, 2017 striking the objection.

On December 8, 2017, following a review of the Trustee's application for compensation and the Trustee's final report, and noting the absence of any timely filed objection, the Court entered an order that authorized payment of final fees and expenses to the Trustee.

Later in the day on December 8, 2017, the Debtor filed another "Objection to Trustee's Final Report and Applications for Compensations" (ECF No. 120) ("Objection") – this time with an original signature by the Debtor. The Objection alleges that the Debtor was not properly served with either the Trustee's final application for compensation and expenses, or the Trustee's final report. The Objection contains nine numbered paragraphs: paragraphs 1 and 2 object to payment of certain administrative expenses and paragraphs 3, 4, and 6-9 object to certain proofs of claims filed by creditors. Paragraph 5 does not contain any objection.

The Objection requests two forms of relief: first, that the Court schedule a hearing; and second, that the sum of $11,657.74 be paid to Arzo Carson, the defendant in adversary proceeding number 17-4106.

The Objection must be overruled for the following reasons. First, it is untimely. When the Debtor originally filed an objection on November 27, 2017, the Court issued a notice requiring the Debtor to file a corrected objection within 7 days with an original signature. The Debtor failed to do so within the time permitted.

Second, even if the Objection had been filed timely, the Debtor does not have standing to object to the Trustee's application for compensation or to the Final Report. Only a party in interest has the standing to raise such objections. In other words, the objecting party must meet the constitutional requirement of "an injury in fact that is [ ] concrete and particularized." Wuliger v. Manufacturers Life Ins. Co., 567 F.3d 787, 793 (6th Cir. 2009). "'Whether a party qualifies as a "party in interest" is determined on a case-by-case basis, taking into consideration whether that party has a "sufficient stake" in the outcome of that proceeding.'" In re Rice, 462 B.R. 651, 656 (B.A.P. 6th Cir. 2015) (quoting Church Mut. Ins. Co. v. Am. Home Assurance Co. (In re Heating Oil Partners), 422 Fed. Appx. 15, 17 (2d Cir. 2011)).

In the bankruptcy context, the concrete and particularized injury commonly means having a pecuniary interest in a distribution from the estate, or some other financial state in the outcome. See Lunan v. Jones (In re Lunan), 523 Fed. Appx. 339, 340 (6th Cir. Apr. 18, 2013); Michigan Employment Security Commission v.

Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1139 (6th Cir. 1991). "Debtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor. " In re Lunan, 523 Fed. Appx. at 340 (quotation marks and citation omitted). The rare exception is a surplus estate where the Chapter 7 debtor is entitled to a distribution under § 726(a)(6) of the Bankruptcy Code. See Kahn v. Regions Bank (In re Kahn), 544 Fed. Appx. 617, 619 (6th Cir. Nov. 1, 2013) (citations omitted). The Objection does not allege that this is a surplus estate, and there is nothing in the record to suggest to the Court that it is a surplus estate.

Third, most of the Objection purports to object to proofs of claims. However, an objection to a proof of claim can only be made by means of the procedure set forth in Fed. R. Bankr. P. 3007. Therefore, even if the Objection were timely and the Debtor had the requisite standing to file it, the Objection is procedurally improper.

Finally, the Objection's request to pay $11,657.74 to Arzo Carson is not supported by any legal authority. Section 726(a) of the Bankruptcy Code specifies to whom property of a Chapter 7 bankruptcy estate is to be distributed. A defendant in an adversary proceeding is not entitled to any distribution under that section of the Bankruptcy Code.

For all of these reasons, there is no need for a hearing and

**IT IS HEREBY ORDERED** that the Objection (ECF No. 120) is overruled.

**Signed on December 12, 2017**



/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**